# EXHIBIT A

| | |
|---|---|
| **RETURN DATE: FEBRUARY 4, 2020** | **: SUPERIOR COURT** |
| **ROBERT CRAFT** | **: JUDICIAL DISTRICT OF ANSONIA/MILFORD** |
| **V.** | **: AT MILFORD** |
| **T. ROWE PRICE INVESTMENT SERVICES, INC.** | **: JANUARY 7, 2020** |

## COMPLAINT

### FIRST COUNT:

1.  The Plaintiff, Robert Craft, is a resident of the Town of Orange, County of New Haven and State of Connecticut. (Craft)

2.  The Defendant, T. Rowe Price Investment Services, Inc., is an investment management firm with a principal place of business at 100 East Pratt Street, Baltimore, MD 21202. (T. Rowe)

3.  The Defendant, T. Rowe, does business throughout the United States including the State of Connecticut.

4.  Commencing on or about March, 2014 through September 23, 2019 the Plaintiff was employed by T. Rowe in various capacities but most recently as a Regional Investment Consultant.

5.  The Plaintiff's job responsibilities included inter alia meeting investment advisors, money managers, pension advisors and the like and selling the Defendant's

investment products for them to use for the benefit of their individual customers and clients.

6. On September 23, 2019 the Defendant, T. Rowe, terminated the Plaintiff from his employment for no apparent reason. (The Plaintiff has filed a discrimination claim with the Connecticut Commission on Human Rights and Opportunities).

7. The termination of the Plaintiff took place immediately prior to the end of the Plaintiff's fiscal year.

8. The Plaintiff's compensation at the time of his termination was comprised of a base salary of one hundred seventy thousand ($170,000.00) dollars plus a significant bonus.

9. For 2018 the Plaintiff's bonus was two hundred sixty-five thousand ($265,000.00) dollars.

10. Although the actual calculation of the Plaintiff's bonus for 2019 had not been processed at the time of his termination, upon information and belief based upon the Plaintiff's prior bonuses the expected bonus would have been at a minimum the amount paid in 2018.

11. By terminating the Plaintiff the Defendant, T. Rowe, avoided the payment of the Plaintiff's year end bonus.

12. The computation of the Plaintiff's bonus is based upon the Plaintiff's performance in meeting certain specifically identified company metrics all of which the Plaintiff had met prior to his termination.

13. As a result of termination the Plaintiff the Defendant has failed, neglected and refused to pay the Plaintiff his earned bonus for the year 2019.

14. The Plaintiff's bonus in this case the year constitutes wages as that term is defined in Conn. Gen. Stat. §31-17 et seq.

15. As a result of the Defendant's failure to pay the Plaintiff his bonus the Plaintiff has been damaged.

### SECOND COUNT: (UNJUST ENRICHMENT)

1-13. Paragraphs One through Thirteen of the First Count are hereby incorporated into this the Second Count as if more fully set forth herein.

14. As a result of the Defendant T. Rowe 's failure to pay the Plaintiff his bonus for 2019, the Defendant has been unjustly enriched in that it has retained the monies which would have been payable to the Plaintiff.

### THIRD COUNT: (UNFAIR TRADE PRACTICE)

1-15. Paragraphs One through Fifteen of the First Count are hereby incorporated into this the Second Count as if more fully set forth herein.

16. The State of Connecticut has a public policy supporting the payment of employee wages as codified in Conn. Gen. Stat. §31-71 et. seq.

17. The termination of the Plaintiff so as to avoid paying the Plaintiff's wages in violation of Conn. Gen. Stat. §31-72 et. seq. is contrary to the public policy of the State of Connecticut and amounts to an unfair or deceptive act in a trade or business in violation of Conn. Gen. Stat. §42-110a et seq. (CUPTA)

18. As a result of the Defendant's violation of CUPTA as aforesaid the Plaintiff has been damaged.

**WHEREFORE,** the plaintiff claims:

1. Money damages;

2. Double damages pursuant to Conn. Gen. Stat. §31-72;

3. Attorney's fees;

4. Punitive damages pursuant to Conn. Gen. Stat. §42-110a;

5. Costs;

6. Interest; and

7. Such other and further relief as the court deems equitable and just.

THE PLAINTIFF

BY: _____
ALEXANDER J. TREMBICKI
Lynch, Trembicki & Boynton
225 Main Street, Suite 103
Westport, CT 06880
Phone No.: 203.227.6808
Juris No.: 034874

A TRUE COPY
ATTEST:
ALEX J. RODRIGUEZ
STATE MARSHAL/INDIFFERENT PERSON
HARTFORD COUNTY

PLEASE ENTER AN APPEARANCE FOR:
ALEXANDER J. TREMBICKI
Lynch, Trembicki & Boynton
225 Main Street, Suite 103
Westport, CT 06880
Phone: 203.227.6808/Juris No. 034874

| | |
|---|---|
| **RETURN DATE: FEBRUARY 4, 2020** | **: SUPERIOR COURT** |
| **ROBERT CRAFT** | **: JUDICIAL DISTRICT OF ANSONIA/MILFORD** |
| **V.** | **: AT MILFORD** |
| **T. ROWE PRICE INVESTMENT SERVICES, INC.** | **: JANUARY 7, 2020** |

## AMOUNT IN DEMAND

The amount in demand is not less than $15,000.00 exclusive of interest and costs.

THE PLAINTIFF

BY: _____
ALEXANDER J. TREMBICKI
Lynch, Trembicki & Boynton
225 Main Street, Suite 103
Westport, CT 06880
Phone No.: 203.227.6808
Juris No.: 034874

A TRUE COPY
ATTEST:
ALEX J. RODRIGUEZ
STATE MARSHAL/INDIFFERENT PERSON
HARTFORD COUNTY