UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT CRAFT,<br>　　　　Plaintiff | : <br> : <br> : | CIVIL ACTION NO: 3:20-cv-00171(RNC) |
| v. | : <br> : | |
| T. ROWE PRICE INVESTMENT<br>SERVICES, INC.<br>　　　　Defendant | : <br> : <br> : <br> : | FEBRUARY 12, 2020 |

## ANSWER AND SPECIAL DEFENSES

Defendant, T. Rowe Price Investment Services, Inc. ("Defendant"), hereby answers the Complaint, dated January 7, 2020, as follows:

**FIRST COUNT:**

1.　　Admitted, upon information and belief.

2.　　Defendant admits so much of Paragraph 2 as alleges that Defendant is a company that provides, inter alia, investment management and related products with a principal place of business at 100 East Pratt Street, Baltimore, MD. Except as expressly so admitted, the allegations of Paragraph 2 are denied.

3.　　Defendant admits so much of Paragraph 3 as alleges that Defendant provides investment management and related products in many states, including Connecticut. Except as expressly so admitted, the allegations of Paragraph 3 are denied.

4.　　Defendant admits so much of Paragraph 4 as alleges that Plaintiff was hired as a Regional Investment Consultant in March of 2014 and was a Regional Investment Consultant when terminated on September 23, 2019. As to the allegation that Plaintiff served in "various capacities" during his tenure with Defendant, Defendant lacks sufficient information to

form a response, and leaves Plaintiff to his proof. The remaining allegations of Paragraph 4 are denied.

5. Defendant admits so much of Paragraph 5 as alleges that Plaintiff's job responsibilities included, but were not limited to, meeting investment advisors, money managers, pension advisors and the like and promoting investment products for them to use for the benefit of their individual customers and clients. Except as expressly so admitted, the allegations of Paragraph 5 are denied.

6. Defendant admits so much of Paragraph 6 as alleges that Defendant terminated Plaintiff on September 23, 2019 and that Plaintiff has filed a discrimination claim with the Connecticut Commission on Human Rights and Opportunities. Except as expressly so admitted, the allegations of Paragraph 6 are denied.

7. Denied.

8. Defendant admits so much of Paragraph 8 as alleges that Plaintiff's annual base salary was approximately the amount alleged and that Plaintiff had received a discretionary bonus in prior years. Except as expressly so admitted, the allegations of Paragraph 8 are denied.

9. Admitted that the bonus paid in 2018 was approximately the amount alleged.

10. Defendant admits so much of Paragraph 10 as alleges that Plaintiff's eligibility for, and the amount of, a discretionary bonus for 2019 had not been established at the time he was terminated. Except as expressly so admitted, the allegations of Paragraph 10 are denied.

11. Denied.

12. Denied.

13. Defendant admits so much of Paragraph 13 as alleges that Plaintiff was not paid a bonus for 2019.  Except as expressly so admitted, the allegations of Paragraph 13 are denied.

14. Denied.

15. Denied.

## SECOND COUNT: (UNJUST ENRICHMENT)

1 – 13. Defendant hereby incorporates its responses to Paragraphs 1 – 13 of the First Count as if fully restated herein.

14. Denied.

## THIRD COUNT: (UNFAIR TRADE PRACTICE)

1 – 15. Defendant hereby incorporates its responses to Paragraphs 1 – 15 of the First Count as if fully restated herein.

16. Defendant admits so much of Paragraph 16 as alleges that Conn. Gen. Stat. § 31-71 et seq. pertains to the payment of wages.  Defendant does not respond to the remaining allegations of Paragraph 16 as they do not allege facts but instead merely assert legal conclusions.

17. Denied.

18. Denied.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to judgment or relief.

## **AFFIRMATIVE AND OTHER DEFENSES**[1]

FIRST DEFENSE

  1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

  2. Plaintiff failed to plead a prima facie case arising under Conn. Gen. Stat. § 31-71a et. seq.

THIRD DEFENSE

  3. Plaintiff's claims are barred to the extent that Defendant's actions have been taken in good faith in conformity with and reliance upon established rulings, administrative regulations and interpretations and/or advice of counsel.

FOURTH DEFENSE

  4. Plaintiff's claims are barred to the extent he seeks damages beyond the applicable limitations period.

FIFTH DEFENSE

  5. Plaintiff cannot establish that any acts or omissions of Defendant were willful or intentional under Connecticut law or any other applicable law or regulation.  By reason of the foregoing, Plaintiff is not entitled to liquidated damages under Connecticut law, or any other applicable law or regulation.

SIXTH DEFENSE

  6. Plaintiff's claims are barred because Plaintiff has been paid all wages due under applicable state law.

---

[1] By pleading any matter as a defense, Defendant does not concede that they bear the burden of proof with regard to such matter.

SEVENTH DEFENSE

7. Any recovery by Plaintiff should be limited to the extent Plaintiff has failed to mitigate any of the damages alleged in the Complaint.

EIGHTH DEFENSE

8. To the extent Plaintiff seeks recovery of attorneys' fees, Plaintiff is not entitled to such recovery.

NINTH DEFENSE

9. Plaintiff's causes of action are barred to the extent they seek injunctive, declaratory, and/or other equitable relief, in light of the fact that Plaintiff has adequate remedies at law and has suffered no irreparable harm due to any alleged conduct of Defendant.

TENTH DEFENSE

10. Plaintiff has been properly paid for all compensable time under applicable state law and any other applicable law or regulation.

ELEVENTH DEFENSE

11. Plaintiff's causes of action are barred to the extent they seek injunctive, declaratory, and/or other equitable relief, in light of the fact that Plaintiff has unclean hands.

TWELFTH DEFENSE

12. Plaintiff's causes of action are barred to the extent they seek injunctive, declaratory, and/or other equitable relief, in light of the fact that Plaintiff was adequately compensated for any benefit Defendant received, or, alternatively, Defendant did not receive a benefit for which it was obligated to compensate Plaintiff.

THIRTEENTH DEFENSE

13. Plaintiff failed to plead a prima facie case under the Connecticut Unfair Trade Practices Act.

FOURTEENTH DEFENSE

14. Plaintiff's causes of action are barred by his own acts, omissions, conduct and misconduct.

FIFTEENTH DEFENSE

15. To each claim for relief therein, should it be determined that Plaintiff has been damaged, then said damages were proximately caused by his own conduct.

DEFENDANT,
T. ROWE PRICE INVESTMENT
SERVICES, INC.

By: */s/ John P. Shea, Jr.*
John P Shea, Jr. (ct 17433)
john.shea@jacksonlewis.com
Jackson Lewis P.C.
90 State House Square, 8th Floor
Hartford, CT 06103
P: (860) 522-0404
F: (860) 247-1330

**CERTIFICATION OF SERVICE**

I hereby certify that on February 12, 2020, a copy of foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Courts electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

*/s/ John P. Shea, Jr.*
John P. Shea, Jr.